# United States District Court

| SOUTHERN | DISTRICT OF | TEXAS |
|---|---|---|

UNITED STATES OF AMERICA
V.

Ernesto Gonzalez-Reyes
YOB: 1961
Mexico

**CRIMINAL COMPLAINT**

CASE NUMBER: M-10-1248-M

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __March 20, 2010__ in __Hidalgo__ county, in the __Southern__ District of __Texas__ defendant(s) did,

knowingly and willfully export and cause to be exported into the United Mexican States from the United States of America a defense article, that is, to wit: five (5) Century Arms Model GP WASR-10/63, caliber 7.62 x 39mm, semi-automatic rifles; ten (10) 7.62 x 39mm high capacity rifle magazines; and fifty (50) rounds of .40 Smith and Wesson caliber ammunition; which were designated as defense articles on the United States Munitions List (22 CFR, Chapter 1, Part 121), without having first obtained from the Department of State a license for such export or written authorization for such export.

in violation of Title __22__ United States Code, Section(s) __2778.__

I further state that I am a(n) __U.S. ICE Special Agent__ and that this complaint is based on the following facts: See Attachment "A."

Continued on the attached sheet and made a part of hereof: X Yes ___ No

_approved for filing_
_AUSA_

Signature of Complainant
Sean T. Greene – ICE Special Agent

Sworn to before me and subscribed in my presence,

March 22, 2010                At       McAllen, Texas
Date                                     City and State

Dorina Ramos, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## Attachment A

On March 20, 2010, at approximately 3:30 p.m., Ernesto GONZALEZ-Reyes arrived at the Anzalduas port of entry in Mission, Texas driving a Chevrolet Suburban. GONZALEZ was traveling in the southbound lanes leading to Mexico. U.S. Customs and Border Protection (CBP) officers contacted GONZALEZ prior to exiting the United States and asked the subject if he was transporting firearms, ammunition, or monetary instruments exceeding $10,000 (USD). GONZALEZ provided a negative oral declaration to that effect.

The officers performed a thorough inspection of the vehicle and discovered five (5) Century Arms Model GP WASR-10/63, caliber 7.62 x 39mm, semi-automatic rifles (serial numbers: 1972CC1569, 1983AF0063, 1988ACU2421, 1972CB1532, 1971CP1078); ten (10) 7.62 x 39mm high capacity rifle magazines; and fifty (50) rounds of .40 Smith and Wesson caliber ammunition. The rifles and magazines were wrapped in black plastic and concealed within the paneling of the vehicle cargo area, as well as beneath the front and rear bumpers of the vehicle.

U.S. Immigration and Customs Enforcement and Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) special agents advised GONZALEZ of his Miranda Rights. GONZALEZ provided a written waiver of his right to counsel and agreed to answer the agents' questions.

During the course of the interview, GONZALEZ stated that he entered the United States earlier that same day with the intention of attempting to illegally export the firearms and ammunition into Mexico. GONZALEZ stated that he does not possess a license from the United States government to export defense articles, nor has he ever applied for such a license. GONZALEZ stated that he was aware that it was illegal to smuggle firearms and ammunition out of the United States. GONZALEZ stated that he concealed these items to avoid detection by law enforcement. GONZALEZ further stated that he engaged in this activity for the purpose of financial gain. GONZALEZ provided agents a written statement to the same effect.